FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| EMERALD BEACH CORPORATION, d/b/a<br>EMERALD BEACH RESORT,<br><br>        Plaintiff,<br><br>    v.<br><br>CERTIFIED POWER SYSTEMS,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 2009-38 |

ATTORNEYS:

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff,*

**Christopher A. Kroblin, Esq.**
St. Thomas, U.S.V.I.
   *For the defendant.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, Certified Power Systems ("CPS") to dismiss the complaint of Emerald Beach Corporation, d/b/a Emerald Beach Resort ("Emerald Beach") for lack of personal jurisdiction. Additionally, Emerald Beach requests an award of attorneys' fees and costs expended in responding to the instant motion. For the reasons stated below,

the Court will deny CPS's motion to dismiss.  The Court will also deny Emerald Beach's motion for attorneys' fees and costs.

## I. FACTS

Emerald Beach is a Virgin Islands corporation, with its principal place of business in St. Thomas, U.S. Virgin Islands. CPS is a Massachusetts corporation, with its principal place of business in Cataumet, Massachusetts.

CPS contracted with the Virgin Islands Water and Power Authority ("WAPA") to provide maintenance services for boilers. Thereafter, CPS sent employees to St. Thomas to perform such services for WAPA.  While in St. Thomas, the CPS employee were lodged at the Emerald Beach Resort.

CPS entered into a contract (the "Contract") with Emerald Beach, pursuant to which CPS would be charged a discounted rate for the hotel rooms.  Payment was due within thirty days.  In its complaint, Emerald Beach alleges that CPS breached that contract by failing to pay the amount due for the hotel rooms under the contract.

CPS now moves to dismiss for lack of personal jurisdiction.

## II. DISCUSSION

Once a defendant has moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)"), the plaintiff bears the burden of proving by a

preponderance of the evidence that jurisdiction is proper. *See Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir. 2004); *see also O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 317 (3d Cir. 2007) (explaining that, because the district court did not conduct a hearing on the Rule 12(b)(2) motion, the plaintiff was only required to make a *prima facie* showing of personal jurisdiction).

To make a *prima facie* showing of personal jurisdiction, the plaintiff must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

> A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam*

> jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)); *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990); *see also United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir. 2001) ("The *prima facie* showing must be based upon evidence of specific facts set forth in the record . . . [and] go beyond the pleadings and make affirmative proof") (internal quotations omitted); *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) ("A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict") (internal quotations omitted).

Generally, the Court follows a two-step analysis to determine if personal jurisdiction is proper: (1) whether jurisdiction is authorized by the forum's long-arm statute and (2) whether the exercise of personal jurisdiction over the defendant would comport with due process under the United States Constitution, which requires that the defendants have certain minimum contacts with the forum. *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 48 V.I. 941, 944 (D.V.I. 2007); *see also Fin. Trust Co. v. Citibank, N.A.*, 268 F. Supp. 2d 561, 566 (D.V.I. 2003) (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 90

L.Ed. 95, 66 S.Ct. 154 (1945)).

The Virgin Islands long-arm statute provides:

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
>
> > (1) transacting any business in this territory;
> >
> > (2) contracting to supply services or things in this territory;
> >
> > (3) causing tortious injury by an act or omission in this territory;
> >
> > (4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;
> >
> > (5) having an interest in, using, or possessing real property in this territory; or
> >
> > (6) contracting to insure any person, property, or risk located within this territory at the time of contracting.
> >
> > (7) causing a woman to conceive a child, or conceiving or giving birth to a child; or
> >
> > (8) abandoning a minor in this Territory.
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

V.I. CODE ANN. tit. 5. § 4903 (1997). This Court has

interpreted the statute to apply as widely as constitutional requirements permit. *See Urgent v. Tech. Assistance Bureau, Inc.*, 255 F. Supp. 2d 532, 534-36 (D.V.I. 2003) ("[T]he Virgin Islands' Legislature likely intended the reach of the Virgin Islands' long-arm statute to be coextensive with the exercise of personal jurisdiction permitted by the due process clause."); *see also Unlimited Holdings, Inc.,* 48 V.I. at 945 (noting the parallel between the long-arm statute and the due process requirements of the constitution).

Due process requires that a foreign defendant have minimum contacts with the forum.[1] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Additionally, "subjecting the defendant to the court's jurisdiction [must] comport[ ] with 'traditional notions of fair play and substantial justice.'" *Pinker v. Roche Holdings, Ltd.*,

---

[1] The Revised Organic Act incorporates by reference the fifth amendment and the second sentence of section I of the fourteenth amendment, the due process clause. 48 U.S.C. § 1561 (1976). In addition, Congress enacted a Bill of Rights for the territory, § 3 of the Revised Organic Act, which extends the federal constitution to the fullest extent possible to the Virgin Islands, as an unincorporated territory of the United States. *Id. See also In re Brown*, 439 F.2d 47, 50-51 (3d Cir. 1971). Thus, the Organic Act requires the same due process analysis that would be utilized under the federal constitution. *See also Gov't of the V.I. v. Bodle*, 427 F.2d 532, 533 n. 1 (3d Cir. 1970).

292 F.3d 361, 369 (3d Cir. 2002) (quoting *Int'l Shoe*, 326 U.S. at 316).  Under this standard, "jurisdiction is proper if the defendant has taken 'action . . . purposefully directed toward the forum State.'" *Id.* at 370 (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).

A plaintiff can meet his burden of showing minimum contacts in one of two ways: by establishing either specific or general jurisdiction over a defendant. *Paradise Motors, Inc. v. Toyota de Puerto Rico, Corp.*, 314 F. Supp. 2d 495, 498 (D.V.I. 2004). General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities. *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 n. 3 (3d Cir.1996) (citations omitted).  In contrast, specific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "'should reasonably anticipate being haled into court'" in that forum. *Id*. at 151 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

### III. ANALYSIS

**A.   Motion to Dismiss**

Because CPS has raised the issue, Emerald Beach bears the burden of establishing this Court's personal jurisdiction over CPS. *See Dayhoff,* 86 F.3d at 1302.  The Court has not held a hearing on CPS's motion.  Emerald Beach's burden is therefore limited to a *prima facie* showing.[2]

To state a *prima facie* case of personal jurisdiction over CPS, Emerald Beach must establish with reasonable particularity that CPS falls within the provisions of the Virgin Islands long-arm statute, and that the requirements of due process are satisfied. *See Unlimited Holdings, Inc.,* 48 V.I. at 945; *Fin. Trust Co.,* 268 F. Supp. 2d at 566.

**1.   Virgin Islands Long-Arm Statute**

Emerald Beach contends that personal jurisdiction over CPS is proper under section (a)(1) of the long-arm statute ("Section(a)(1)").  Section (a)(1) applies to entities "transacting business" in the territory. *See* 5 V.I.C. § 4903(a)(1).  "Transacting business is a term of art which means

---

[2]   Neither party requested a hearing. *See, e.g., Bachmann Software & Servs. v. Intouch Group, Inc.*, Civ. No. 08-2025, 2008 U.S. Dist. LEXIS 55719, at *16 (D.N.J. July 21, 2008) (noting that "no party has requested an evidentiary hearing" and thus that "the plaintiff must make a prima facie showing of personal jurisdiction").

less than doing business but more than performing some inconsequential act within a jurisdiction. . . . [T]ransacting business requires a defendant to engage in some type of purposeful activity within the territory." *Hendrickson v. Reg O Co.,* 17 V.I. 457, 462-63 (D.V.I. 1980) *aff'd,* 657 F.2d 9 (3d Cir. 1981). "[T]he term 'transacting business,' 'can be only a single act which in fact amounts to the transaction of business within a state (or territory).'" *Guardian Ins. Co. v. Bain Hogg Int'l Ltd.*, Civ. No.1996-180, 2000 U.S. Dist. LEXIS 17184, 2000 WL 1690315, at *8 (D.V.I. Oct. 26, 2000). "Thus, it is enough that there is a contract with a Virgin Islands resident and the object of that contract is to be performed, even if only in part, in the Virgin Islands." *Id.*

Here, it is undisputed that CPS lodged its employees at the Emerald Beach Resort in St. Thomas for a period of a few weeks. In doing so, CPS purposefully availed itself of the forum of the Virgin Islands such that it is considered to have transacted business in the territory. *See, e.g., Baker v. Eighth Judicial District Ct. ex rel. County of Clark,* 999 P.2d 1020, 1024 (Nev. 2000) (holding that a California defendant "purposely availed himself of the forum of Nevada by staying the night at the [plaintiff's hotel]"). In the instant action, Emerald Beach asserts a claim for breach of contract against CPS based on CPS's

alleged failure to pay for its employees' hotel rooms. Such claim clearly arises from CPS employees' stay at the Emerald Beach Resort. Accordingly, the Court finds that Emerald Beach has made a *prima facie* showing that jurisdiction over CPS is proper under Section (a)(1) of the long-arm statute.

   2.  **Due Process**

Emerald Beach must still demonstrate that the exercise of jurisdiction over CPS is consistent with the Due Process Clause of the Constitution. Emerald Beach does not explicitly explain whether CPS is subject to general or specific jurisdiction. However, their pleadings suggest that they seek to show that specific jurisdiction exists.

The determination of whether a court may exercise specific jurisdiction over a defendant is claim-specific, and is governed by a three-part inquiry. *See O'Connor,* 496 F.3d at 317; *Remick v. Manfredy*, 238 F.3d 248, 255-56 (3d Cir. 2001). First, the Court asks whether CPS purposefully directed its activities at the Virgin Islands. While "[i]t is not significant that one or the other party initiated the relationship," *GE v. Deutz AG*, 270 F.3d 144, 151 (3d Cir. 2001), the "unilateral activity of those who claim some relationship with a nonresident defendant" is not enough to sustain the exercise of specific jurisdiction. *Hanson*

*v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

The parties in this case do not dispute that CPS sent its employees to the Virgin Islands to provide services for WAPA. It is also undisputed that CPS housed such employees at the Emerald Beach Resort during their stay in the territory. In the Court's view, such conduct constitutes purposeful availment of the privilege of conducting activities in the Virgin Islands such that CPS could reasonably expect to be haled into court here. *See Baker,* 999 P.2d at 1024 (finding that the nonresident defendant had a purposeful connection to Nevada based on the fact that he stayed at the plaintiff's hotel in Nevada for one night); *see also Mellon Bank*, 960 F.2d at 1227 (noting that "physical presence in the forum state is a contact which figures into the [personal jurisdiction] analysis").

The Court next considers whether Emerald Beach's claim against CPS "arise[s] out of or relate[s] to" one of CPS's forum-related activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). As explained above, Emerald Beach's claim against CPS for failure to pay for its hotel bill clearly arises from one of CPS's activities in the Virgin Islands, namely, its housing of its employees at the Emerald Beach Resort.

Finally, the Court must ensure that the exercise of jurisdiction "comport[s] with fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quotation omitted). To that end, the Court considers:

> the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

*Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992) (quotation omitted).

CPS has not explicitly articulated any argument to show that defending itself in the Virgin Islands presents any burden whatever. In the Court's view, "[t]his is not a case where a severe burden is placed on an alien defendant.... Nor does this case involve one isolated occurrence where the defendant had no connection with the forum state[.]" *Mesalic*, 897 F.2d at 702. "No claims of exorbitant travel expenses, unavailability of evidence, drains on judicial resources or countervailing state interests have been made." *Pennzoil Prods*., 149 F.3d at 208. Indeed, as discussed above, CPS concedes that it has sent employees to the Virgin Islands.

Furthermore, CPS elected to send its employees to the Virgin Islands for business, and to lodge such employees at a local hotel. The complaint in this matter alleges that CPS failed to pay for the hotel rooms, and as a result, owes Emerald Beach $83,531.80 in damages. The Virgin Islands therefore has a substantial interest in litigating Emerald Beach's claims. *See McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) (noting that states have a "manifest interest in providing effective means of redress for its residents"); *see also Baker,* 999 P.2d at 1024 ("Nevada has an interest in resolving matters arising from injuries that occur while nonresidents are staying in its hotels.").

Finally, CPS does not assert, not does anything currently in the record establish, that any other jurisdiction has a greater interest in litigating Emerald Beach's claims. *See, e.g., Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 484 (3d Cir. 1993) ("[T]here is no evidence that another state or nation could better preserve the rights of the litigants or has an interest superior to that of Pennsylvania.").

Considering these several factors, the Court finds that the exercise of jurisdiction over CPS accords with traditional notions of "fair play and substantial justice," at least at this stage of this litigation.

**B.   Motion for Attorneys' Fees and Costs**

Emerald Beach requests an award of attorneys' fees and costs expended in responding to CPS's motion to dismiss. Emerald Beach suggests that such fees and costs should be awarded as a sanction against CPS because, in Emerald Beach's view, CPS lacked any good faith basis for filing the motion to dismiss.

"A motion for sanctions must be made separately from any other motion[.]" Fed. R. Civ. P. 11(c)(2). Here, Emerald Beach did not file its request for fees and costs as a separate motion. Rather, the request is contained in Emerald Beach's opposition to CPS's motion to dismiss. Moreover, the Court does not find that CPS's motion to dismiss was totally devoid of merit, and there is no evidence to suggest that it was filed for any improper purpose. Accordingly, the motion for attorneys' fees and costs incurred in responding to the motion to dismiss will be denied. *See Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (explaining that sanctions should only be imposed "in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous" (internal citations and quotations omitted)).

### IV. CONCLUSION

For the foregoing reasons, the Court will deny CPS's motion to dismiss. The Court will also deny Emerald Beach's motion for attorneys' fees and costs. An appropriate Order follows.

                                        S\_____
                                          **CURTIS V. GÓMEZ**
                                             **Chief Judge**